# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

DAVID W. TAYLOR
Reg. #13549-074                                                                          PETITIONER

v.                                     2:20-cv-00071-BSM-JJV

DEWAYNE HENDRIX, Warden,
Forrest City Low                                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**I.     INTRODUCTION**

Pending is Mr. Taylor's "Emergency" Petition Under 28 U.S.C. § 2241 For Writ of Habeas Corpus by a Person in Federal Custody. (Doc. No. 2.) I have conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, I recommend the Petition be dismissed.

Relief under § 2241 shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "If 'it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). To avoid summary dismissal of a § 2241 petition, a petitioner must state facts that "point to a real possibility of constitutional error" or violation of federal law. *Mayle*, 545 U.S. at 655. Here, for the following reasons, Mr. Taylor's Petition is without merit and - based on *Mayle* - summary dismissal is appropriate.

**II.     ANALYSIS**

A.  Loss of Good Time Credits

Mr. Taylor first raises an issue regarding good time credits that occurred years ago while he was in prison in Victorville, California.  That issue was adjudicated and dismissed with prejudice by the United States District Court for the Central District of California.  *Taylor v. Tews*, Case No. CV 16-5943 GW (MRW).  Mr. Taylor's ground one is, therefore, frivolous.

B.  Confiscation of Legal Documents/Denied Access to the Court

Petitioner says, "Staff confiscated my legal documents and . . . hindered my ability to challenge loss of good-time and this affected my sentence."  (Doc. No. 2 at 8.)  He further says, "I was denied due process, staff retaliated because I help assist with other[s] with there [*sic*] legal matters.  They deliberately hindered, thwarted to prevent me and others from accessing the courts."  (*Id.*)  Petitioner raises First Amendment claims here; matters not cognizable through habeas.  28 U.S.C. § 2241 is reserved for issues of unconstitutional/unlawful custody.  If he chooses, Petitioner may pursue this claim through a properly filed civil rights action.  See *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

C.  Denied Participation in the Residential Drug and Alcohol Program (RDAP) and 1-year Sentence Reduction

Mr. Taylor states the sentencing court recommended that he participate in RDAP despite his bank robbery convictions.  (Doc. No. 2 at 9.)  The Bureau of Prisons (BOP) offers RDAP to inmates who have been determined to have substances abuse problems.  18 U.S.C. § 3621(e)(1).  Title 18 U.S.C. § 3621(e)(2) provides, in part, that an inmate who is incarcerated for a *nonviolent offense* and who has "successfully completed a program of residential substance abuse treatment" *may* have his sentenced reduced by up to one year by the BOP.  18 U.S.C. § 3621(e)(2). (emphasis

added).[1]  The United States Court of Appeals for the Eighth Circuit has emphasized that 18 U.S.C. § 3621(e)(2)(B) is permissive, finding that the BOP "'may' grant early release, but [does] not guarantee eligible inmates early release." *Zacher v. Tippy*, 202 F.3d 1039, 1041 (8th Cir. 2000) (citing *Bellis v. Davis*, 186 F.3d 1092, 1094 (8th Cir. 1999); see also *Lopez v. Davis*, 531 U.S. 230, 239-42 (2001) (finding that § 3621(e)(2)(B) makes any reduction in sentence discretionary and discussing that "[w]hen an eligible prisoner successfully completes drug treatment, the Bureau has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment").

Title 28, Code of Federal Regulations, Section 550.55, which is set forth in BOP Program Statement 5331.02, provides certain restrictions for early release.[2]  It specifically provides that,

---

[1]18 U.S.C. § 3621(e)(2) provides in whole that:

> Incentive for prisoners' successful completion of treatment program.--
> 
> (A) Generally.--Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such conditions on determining that substance abuse has recurred.
> 
> (B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 361(e).

[2]The Court notes that it appears § 550.55 used to be codified at § 550.58.

4

"[a]s an exercise of the Director's discretion," inmates who have a prior felony or misdemeanor conviction for robbery are not eligible for early release. 28 C.F.R. 550.55(b)(4)(iii).

Given Petitioner's underlying convictions for bank robbery, he is clearly not eligible for early release. Accordingly, his ground three is meritless.

### D. Bureau of Prisons has Failed to Follow the Procedures of the First Step Act

For his fourth ground, Petitioner says the BOP has incorrectly calculated good time credit to which he is entitled based on the First Step Act (FSA). To understand Mr. Taylor's argument, it is important to recite his relevant criminal history. On February 25, 2002, Mr. Taylor appeared before the United States District Court, Eastern District of Tennessee (Chattanooga) and pleaded guilty to three counts of "Bank Robbery by Force or Violence." *USA v. Taylor*, 1:02cr00009-TRM-CHS. For these robberies, he was committed to the custody of the Bureau of Prisons for a total term of 96 months. He served this sentence and, while on supervised release, was indicted on February 10, 2009 for another bank robbery "by force and violence, and by intimidation." *USA v. Taylor*, 1:09-cr-13, (Doc. No. 6). Mr. Taylor again pleaded guilty and this time was sentenced to 188 months. And since Mr. Taylor committed the bank robbery while on supervised release, he received an additional – consecutive -18 months in the 2002 case. *USA v. Taylor*, 1:02cr00009-TRM-CHS, (Doc. No. 40).

Mr. Taylor is presently committed to the BOP for combined 206 months. The First Step Act increases good time credit based on the total number of months served. The BOP has computed any relief pursuant to the First Step Act based on a "206-month aggregate term sentence with a projected release date of February 6, 2024." (Doc. No. 2 at 35.)

Section 102(b) of the FSA amends 18 U.S.C. 3624(b) to indicate that inmates may receive up to 54 days of GCT credit for each year of *the sentence imposed by the court,* instead of for each

5

year of *actual time served*. Therefore, Mr. Taylor believes he should also receive good time credit for the 96 months initially imposed in 2002. This is not the law.

The FSA is based on the practical application of good time credits historically awarded by the BOP. By awarding good time credits based on the actual time served, the amount of credits inmates actually received was 47 days versus the intended 54 days per year. *See U.S. Government Accountability Office, Bureau of Prisons: Eligibility and Capacity Impact Use of Flexibilities to Reduce Inmates' Time in Prison*, GAO-12-320, February 2012, pp. 23-25. As a prisoner's time was reduced through good time credits, so was the actual time credited.

Here, Mr. Taylor wants additional good time credit for the 96-month sentence he already served. This is not the law and Mr. Taylor's ground four is frivolous.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. The Pending Motions (Doc. Nos. 3 and 4) be DENIED consistent with the Recommendations herein.

DATED this 6th day of April 2020.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE